IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable A. Bruce Campbell

| | |
|---|---|
| In re: ) | |
| ) | |
| ANDREW K. JAUSSI ) | Case No. 12-34062 ABC |
| PAMELA H. JAUSSI, ) | Chapter 7 |
| Debtor. ) | |
| _____ ) | |

ORDER DENYING MOTION TO APPROVE SALE OF REAL ESTATE
FREE AND CLEAR OF LIENS

     Before the Court is the Motion to Approve Sale of Real Estate Free and Clear of Liens ("Motion"), filed by Chapter 7 Trustee Paul T. Gefreh ("Trustee"). The Motion requests authority to sell, for $1,500.00, certain vacant land in El Paso County, Colorado ("Property") to Farmer's State Bank ("Bank"), the holder of a first lien on the property. The Motion states that the Property is worth $39,000.00 and that the Bank's deed of trust secures its debt in the amount of $40,181.00. The Trustee further alleges that there are two judgment liens on the Property which are junior in priority to the Bank's lien: one held by Capital One Bank, USA, NA, in the amount of $2,000.00; and one held by CACH LLC, in the amount of $1,859.56. The Trustee seeks an order from this Court authorizing the sale of the Property free and clear of the two judgment liens.

     The Trustee provided notice of the Motion pursuant to L.B.R. 9013-1 and no objections were filed. The Court has reviewed the Motion and finds that the relief requested by the Trustee is not authorized by the Bankruptcy Code. Sales free and clear of liens or interests are governed by 11 U.S.C. § 363(f), which provides that the trustee may sell property of the estate free and clear of an interest in property of an entity other than the estate *only if* one of the following five circumstances exists:

        (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

        (2) such entity consents;

        (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

        (4) such interest is in bona fide dispute; or

        (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

The Trustee contends that his proposed sale is proper under either subsection (1) or (3) of § 363(f). He cites Colorado's public trustee foreclosure statutes as "applicable nonbankruptcy law" which authorizes the sale of the real property free and clear of the judgment liens because the liens would be extinguished by the foreclosure of the Bank's superior deed of trust. While there is little law on this precise question, the Court believes § 363(f)(1) should be interpreted narrowly and that it does not refer to foreclosure statutes as the type of applicable law which permits a sale free and clear. This section applies only to situations where the owner of the asset may, under nonbankruptcy law, sell an asset free and clear of an interest in such asset. Erens, B. and Hall, D., *Secured Lender Rights in 363 Sales and Related Issues of Lender Consent*, 18 Am. Bankr. Inst. L. Rev. 535, 545 (Winter 2010). *See also*, 3 Collier on Bankruptcy ¶ 363.06[2] at 363-50 (16th ed. rev. 2012). Examples might be the sale of real estate free and clear of a restrictive covenant where the state law doctrine of "changed circumstances" applies to property to be sold by the trustee, *In re Daufuskie Island Properties, LLC*, 431 B.R. 626, 644 (Bankr D. S.C. 2010); sale of real estate free of an unrecorded mortgage in a jurisdiction with a "pure race" recording statute, *see In re 222 South Caldwell Street, Ltd. Partnership*, 409 B.R. 770, 794 (Bankr. W.D. N.C. 2009) describing operation of North Carolina's "pure race" recording statute; or sale of a motor vehicle in a state with a title registration statute free of a secured lender's interest that is not noted on the vehicle's title. *Waldschmidt v. Smith (In re York)*, 43 B.R. 36 (Bankr. M.D. Tenn. 1984).

The Trustee also alleges that the sale is authorized under subsection (3) of § 363(f) because "the proposed purchaser is the holder of the first lien which exceeds that [sic] value of the property and has consented to this sale." This assertion appears to raise the question of whether the language of § 363(f)(3) that requires the sale price to be "greater than the aggregate value of all liens on such property," means that the sale price must be (a) more than the sum of all debts that encumber the property, or (b) that amount reduced to the value of the property securing these debts, i.e., debts meeting the definition of "secured claims" in section 506(a) of the Bankruptcy Code. Courts are split on this question, but the better view is the former: the "aggregate value of the liens" means the face amount of all liens on the property. Section 363(f)(3) does not refer to the aggregate value of the "secured claims," as one would expect if the statute's intent was to incorporate the valuation process of § 506(a). Further, using a § 506(a) analysis when property is sold for less than the face amount of the liens would never result in a sales price greater than the aggregate value of the liens; rather the sale price would equal the value of the liens, and § 363(f)(3) would be inapplicable. *See, Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC)*, 391 B.R. 25, 40 (9th Cir. BAP 2008); 3 Collier on Bankruptcy ¶ 363.06[4] at 363-52 (16th ed. rev. 2012). Here, the sales price of $40,500.00 (the $39,000.00 "value" of the property, plus the additional $1,500.00 to be paid by the Bank) is not greater than $44,040.56 which is the sum the Trustee alleges is the amount of all the debts that encumber the Property. Even if one were to consider the Bank as having credit bid its entire debt of $40,181.00, the additional $1,500.00 brings the total sales price to $41,681.00, which is still less than the face amount of all the liens.

The Trustee has failed to establish that either § 363(f)(1) or (3) authorizes the sale of the Property free and clear of the judgment liens, and accordingly it is

ORDERED that the Motion is denied.

DATED: March 18, 2013

BY THE COURT:

A. Bruce Campbell
United States Bankruptcy Judge